721 S.E.2d 766

**SOUTH CAROLINA DEPARTMENT OF
SOCIAL SERVICES, Respondent,**

v.

**Jason IHNATIUK, John Doe, whose true name is unknown,
Summer Bowie, a minor, born June 25, 1996 and Winter
Bowie, a minor, born December 2, 1997, Defendants,**

**Of Whom Jason Ihnatiuk is Petitioner.**

Supreme Court of South Carolina.

April 24, 2003.

---

## ORDER

Petitioner has filed a petition for a writ of certiorari from an opinion of the Court of Appeals affirming the family court's termination of petitioner's parental rights. Petitioner's appeal in the Court of Appeals was filed pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987), and he was allowed to proceed without payment of costs.

Counsel for petitioner has now filed a motion to be allowed to proceed without costs in this Court. Counsel states that petitioner is indigent and cannot afford to bear the costs of continuing to pursue his appeal by filing a petition for a writ of certiorari with this Court. Counsel requests that petitioner not be required to pay filing fees and that the Department of Social Services (DSS) be required to bear the costs of petitioner's appeal to this Court.

In *Ex parte Cauthen, supra*, this Court established the procedure to be followed when an indigent person appeals an order terminating his parental rights in an action to which DSS is a party. Therein, the Court stated that if the appellant is found to be indigent, filing fees shall be waived and DSS shall bear the cost of the transcript. Counsel for the appellant shall review the transcript for meritorious issues. If counsel determines there are meritorious issues, he shall file a brief as set forth in the SCACR. If, however, counsel determines there are no meritorious issues, he shall docket the transcript with the appellate court and file an affidavit stating his belief that the appeal lacks merit. Thereafter, the appellate court will review the transcript in its entirety for potential issues of merit.

When an appeal from a order terminating parental rights is heard by the Court of Appeals in the first instance, a subsequent petition for a writ of certiorari to the Court of Appeals is a discretionary appeal, not an appeal to which a petitioner is entitled as a matter of right. Rule 226(b), SCACR. In *South Carolina Dep't of Social Serv. v. Hickson*, 350 S.C. 213, 565 S.E.2d 763 (2002), Billy Hickson sought to file a petition for a writ of certiorari in this Court, pursuant to *Ex parte Cauthen*, after the Court of Appeals affirmed the termination of Hickson's parental rights. Hickson was allowed to proceed without paying filing fees pursuant to *Ex parte Cauthen*. The Court denied the petition for a writ of certiorari, but stated

we take this opportunity to hold that it is unnecessary to file a petition for a writ of certiorari after a *Cauthen* appeal has been decided by the Court of Appeals. The filing of a *Cauthen* appeal ensures that the trial transcript will be reviewed for any possible issues of arguable merit. Thus, it is unnecessary to file a petition for a writ of certiorari after the Court of Appeals has affirmed pursuant to *Cauthen*.

Because we realize our holding in *Hickson* is not entirely clear, we take this opportunity to clarify our intention therein. In *Hickson,* the Court intended to hold, as it did with *Anders* cases in *State v. McKennedy,* 348 S.C. 270, 559 S.E.2d 850 (2002), that petitions for discretionary review to this Court, after full review of the merits by the Court of Appeals pursuant to *Ex parte Cauthen,* are outside the standard review process. *See also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief,* 321 S.C. 563, 471 S.E.2d 454 (1990). The rights afforded an indigent parent pursuant to *Ex parte Cauthen,* specifically the appointment of counsel and the waiver of filing fees and costs of perfecting the appeal, apply only to the first appeal of right, which in this case was before the Court of Appeals, and not to discretionary review by this Court. We therefore deny petitioner's motion to be allowed to proceed without costs.

IT IS SO ORDERED.

JEAN H. TOAL C.J., JAMES E. MOORE, JOHN H. WALLER, JR., E.C. BURNETT, III, and COSTA M. PLEICONES, JJ.